UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LISA TROUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-49-HSM-CCS |
| | ) | |
| KNOX COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARK TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-113-HSM-CCS |
| | ) | |
| WILLIAM EDWARD "BILL" HASLAM; KEVIN S. HUFFMAN; and the KNOX COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Amend Complaints [Doc. 33 in 3:14-CV-49-HSM-CCS, Doc. 39 in 3:14-CV-113-HSM-CCS]. In this motion, Plaintiffs Lisa Trout and Mark Taylor move for permission to amend their respective Complaints. The proposed amendments of the two Complaints are identical. "The new facts alleged in the Complaint of the Plaintiff Trout are set out in Section H and I, paragraphs 58 through 77, of her tendered Second Amended Complaint. The new facts alleged in the First Amended Complaint of the Plaintiff

Taylor are set out in Sections I and J, paragraphs 77 through 96, of his tendered First Amended Complaint." See, Doc. 39 at 2, ¶ 7.

State Defendant and State Intervenor filed a response on June 1, 2015. In their response, Defendants do not object to Plaintiffs' Motion to Amend. Defendants agree that no prejudice will result from the proposed amendments. Defendants claim that the amended claims should not affect their ability to defend in these consolidated cases. Further, Defendants do not object to this motion because "the new claims are simply reiterations of the claims made in the original complaints." See, Doc. 44 at 2. Defendants contend that the requested amendments should be dismissed for the reasons set forth in Defendants pending Motion to Dismiss [Doc. 27 in 3:14-CV-49-HSM-CCS, Doc. 33 in 3:14-CV-113-HSM-CCS], and if the Court is to grant Plaintiffs' Motion to Amend, Defendants will file a supplemental motion to dismiss to address the Plaintiffs' amended claims in more detail. Id.

In their Motion to Amend Complaints, Plaintiffs request that, in the alternative, the Court treat the Defendants' Motions to Dismiss as motions for summary judgment and allow the Plaintiffs to complete discovery before responding, and to include matters outside the pleadings with their responses. In their response, Defendants object to this alternative request and aver that Defendants' filing of a motion to dismiss does not foreclose Plaintiff's ability to conduct discovery. Defendants claim that they are entitled to challenge Plaintiffs' pleadings prior to the completion of the discovery process.

Based on the foregoing, and in accordance with Fed. R. Civ. P. 15(a), the Court finds Plaintiffs' Motion to Amend Complaints **[Doc. 33 in 3:14-CV-49-HSM-CCS, Doc. 39 in 3:14-CV-113-HSM-CCS]** is well-taken, and is **GRANTED**. The Plaintiffs **SHALL FILE** their amended complaint [Doc. 34 in 3:14-CV-49-HSM-CCS, Doc. 40 in 3:14-CV-113-HSM-CCS] as

their operative pleading in CM/ECF on or before **June 15, 2015**. Accordingly, Plaintiffs alternative request to treat the pending Motions to Dismiss as motions for summary judgment and allow the completion of discovery, is moot based on the Court's decision to grant Plaintiffs' initial request.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge